UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COUNTY OF ESSEX and THE ESSEX COUNTY BOARD OF CHOSEN FREEHOLDERS,<br><br>                  Plaintiffs,<br>v.<br><br>AETNA INC., AETNA LIFE INSURANCE COMPANY, INC., ABC CORPS. 1-100, and JOHN DOES 1-100,<br><br>                  Defendants. | **OPINION**<br>Civ. No. 17-13663 |

**Walls, Senior District Judge**

Plaintiffs County of Essex and the Essex County Board of Chosen Freeholders (collectively, the "County") move under Federal Rule of Civil Procedure 52(b) for amended and additional factual findings, and under Federal Rule of Civil Procedure 59(e) for an amendment to the Court's Opinion and Order dated December 13, 2018, ECF Nos. 30-31. ECF No. 32. Defendants Aetna Inc. and Aetna Life Insurance Company, Inc. (collectively, "Aetna") oppose the County's motion, and cross-move for sanctions against the County and its counsel. ECF No. 40. Decided without oral argument under Federal Rule of Civil Procedure 78, the County's motion is granted, and Aetna's cross-motion for sanctions is denied.

**BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural history of this action. To summarize, the County contracted with Aetna to provide several health insurance plans to County employees and retirees from 2010 through 2016. ECF No. 1-2 (Compl.) ¶ 6. In 2010, Aetna charged the County $660.92 per person per month for a certain subset of retired County employees (known as "*Gauer* retirees"), but the County alleges that the parties' contract

1

only allowed a $223.49 per person per month charge. Compl. ¶¶ 51, 57. Aetna claims that the contract explicitly contemplates the $660.92 per person per month rate. Answ. ¶¶ 91, 94. The County alleges that Aetna similarly overcharged for *Gauer* retirees in subsequent years, Compl. ¶ 94; Aetna disagrees, Answ. ¶ 94.

The County brought eight claims against Aetna in New Jersey Superior Court. *See* Compl. After the action was removed to this Court, ECF No. 1, both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 20. The Court denied the County's motion in full and Aetna's motion as to Count 1, and granted Aetna's motion as to Counts 2 to 7. ECF No. 31 (Order). All that remains is the County's first count – Breach of Contract. *Id.* The County now moves for amended and additional factual findings under Federal Rule of Civil Procedure 52(b), and for an amendment to the Court's Opinion, ECF No. 30, and Order, ECF No. 31, denying its motion for judgment on the pleadings as to Count 1. ECF No. 32. In opposing the County's motion, Aetna cross-moves for sanctions against the County and its counsel for bringing, as Aetna sees it, a "bad faith" motion. ECF No. 40 at 17-19.

## STANDARD OF REVIEW

Even though the County moves under Rules 52 and 59 of the Federal Rules of Civil Procedure, Local Rule 7.1(i) "governs motions for reconsideration filed in New Jersey." *Byrne v. Calastro,* No. 05-cv-68, 2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006). *See also Marshak v. Treadwell,* No. 95-cv-3794, 2008 WL 413312, at *4 n. 2 (D.N.J. Feb. 13, 2008) ("Although the [movants] have moved for reconsideration under Rule 52, Rule 59, and Rule 60 of the Federal Rules of Civil Procedure . . . in the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).").

The Third Circuit has stated that the "purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). As a general matter, parties seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Under Local Civil Rule 7.1(i), parties moving for reconsideration must show "concisely the matter or controlling decisions which the parties believe the Judge . . . has overlooked." L. Civ. R. 7.1(i).

Reconsideration is justified only when "dispositive factual matters or controlling decisions of law . . . were presented to, but not considered by, the court in the course of making the decision at issue." *Yurecko v. Port Auth. Trans–Hudson Corp.,* 279 F.Supp.2d 606, 609 (D.N.J. 2003). *See also United States v. Compaction Sys. Corp.,* 88 F.Supp.2d 339, 345 (D.N.J. 1999) ("Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different legal conclusion, will it entertain such a motion."). As a result, a motion for reconsideration is an "extremely limited procedural vehicle." *Resorts Int'l v. Greate Bay Hotel & Casino,* 830 F.Supp. 826, 831 (D.N.J. 1992). *See also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F.Supp.2d 349, 352-53 (D.N.J. 2001) ("Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted sparingly.") (internal quotation marks omitted). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *Smith v. Manasquan Bank*, No. CV 18-14350, 2019 WL 168699, at *1 (D.N.J. Jan. 10, 2019) (quoting *Compaction Sys. Corp.*, 88 F.Supp.2d at 345).

## DISCUSSION

1. **The County's Motion Is Timely.**

The County filed its present motion on January 9, 2019, 28 days after the Court's Opinion and Order. ECF Nos. 30-32. Aetna argues that this motion is untimely because motions for reconsideration must be filed within 14 days. ECF No. 40 at 8; L. Civ. R. 7.1(i) ("a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion"). But Rules 52(b) and/or 59(e) each permit a motion within 28 days of entry of an order. *See* Fed. R. Civ. P. 52(b), 59(e). When, as here, courts in this District treat a motion under Rules 52(b) and/or 59(e) as one for reconsideration, the 28-day limit applies. *See Venkataram v. Office of Info. Policy*, No. CIV. 09-6520 JBS/AMD, 2013 WL 5674346, at *1 (D.N.J. Oct. 16, 2013) ("because L. Civ. R. 7.1(i) expressly defers to the Federal Rules of Civil Procedure, Plaintiff is entitled to the 28-day filing period permitted under Rule 59(e)"), *aff'd*, 590 F. App'x 138 (3d Cir. 2014). The County's motion was timely filed.

2. **The County's Motion for Reconsideration Is Granted.**

The Court denied the County's motion for judgment on the pleadings on its breach of contract claim on two grounds: (1) it was unclear from the parties' rate sheets, Compl. Ex. A, what price Aetna agreed to charge for *Gauer* retirees on Medicare and enrolled in Aetna's Traditional plan, Opinion at 9-10; and (2) it was unclear whether the parties' rate charts, Compl. Ex. C, were part of their contract, Opinion at 10. Regarding the Exhibit A rate sheets, the Court explained that the key contract term—the price for *Gauer* retirees on Medicare and enrolled in Aetna's Traditional plan—is missing from the 2010 rate sheet: "the box showing rates for the Traditional plan lists a rate for retirees 'w/o Medicare' but includes *no rate* for those 'w/

Medicare'[.]" Opinion at 9 (emphasis in original). The Court illustrated its conclusion by pointing to the following portion of the 2010 rate sheet:

| COVERAGE | A<br>TRADITIONAL<br>(with Prescription) |
|---|---|
| SINGLE<br>w/o Medicare<br>w/ Medicare | $ 665.92 |

*Id.* (citing Compl. Ex. A at 1).

The Court limited its analysis to the 2010 rate sheet because the parties limited their arguments to that single year. *See* Compl. ¶¶ 51, 57, 58, 60, 66-70; Answ. ¶¶ 51, 57, 58, 60, 66-70; ECF No. 14-3 (Aetna 12(c) Opening Br.) at 3 ("For calendar year 2010, Aetna quoted the County a price of $223.49 per person, per month for the Medical Advantage plan versus $660.92 per person, per month for the traditional indemnity plan."), 10-11 (displaying 2010 rate sheet); ECF No. 20-1 (County 12(c) Opposing Br.) at 12-16 (disagreeing with Aetna's reading of the 2010 rate sheet), 17-18 (giving the County's "more plausible reading of the 2010 rate sheet"); ECF No. 24 (County 12(c) Reply Br.) at 7-8 ("nowhere in the 2010 rate sheet is there any reference to 'active' rates and there is no other contract term in the 2010 rate sheet showing that Gauer retirees on Medicare should nevertheless be charged non-Medicare rates or as 'active' employees"). In its motion the County raises for the first time a material difference between the 2010 rate sheet and those for 2011 through 2016.

The County now maintains that the missing term in the 2010 rate sheet is present in the 2011 through 2016 sheets. ECF No. 32-1 (County Reconsideration Br.) at 6. Whereas the 2010 sheet did not have a term for *Gauer* retirees—those "*with* Medicare yet on the Traditional plan",

Opinion at 9 (emphasis in original)—the County asserts that this key term is present in the 2011-2016 sheets, ECF. No. 32-1 at 6-7. The County is right:

### 2011 rate sheet

| | TRADITIONAL (w/RX) | | | TRADITIONAL PLAN (with Optional Prescription for Retirees on Medicare) | |
|---|---|---|---|---|---|
| | Medical Premium (For Retirees and Dependents NOT on Medicare) | Medical Premium (For Retirees and Spouses on Medicare) | Total Medical Rate | OPTIONAL* Prescription (For Retirees/Spouses on Medicare) | Total Traditional Premium Rate |
| SINGLE w/o Medicare | $1,051.90 | N/A | $1,051.90 | Included in Medical Rate | $1,051.90 |
| w/ Medicare | N/A | $212.04 | $212.04 | $286.89 | $498.93 |

### 2012 rate sheet

| | MEDICARE ADVANTAGE PPO (With Medicare Prescription Drug Plan) | MEDICARE PPO 100% (With County of Essex Aetna Medicare PDP) | TRADITIONAL PLAN (non-Medicare) MEDICARE PPO 100% (with Medicare) Traditional RX Included |
|---|---|---|---|
| | Total Rate | Total Rate | Total Rate |
| SINGLE w/o Medicare w/ Medicare | Per eligible person $190.74 | Per eligible person $286.22 | $1,224.84 $656.68 |

### 2013 rate sheet

| | MEDICARE ADVANTAGE PPO (With Medicare Prescription Drug Plan) | MEDICARE PPO 100% (With County of Essex Aetna Medicare PDP) | TRADITIONAL PLAN (non-Medicare) MEDICARE PPO 100% (with Medicare) Traditional RX Included |
|---|---|---|---|
| | Total Rate | Total Rate | Total Rate |
| SINGLE w/o Medicare w/ Medicare | Per eligible person $195.99 | Per eligible person $294.99 | $1,253.84 $668.54 |

### 2014 rate sheet

| | Total Rate | Total Rate | Total Rate |
|---|---|---|---|
| SINGLE w/o Medicare w/ Medicare | Per eligible person $196.99 | Per eligible person $254.09 | $1,330.71 $507.30 |

### 2015 rate sheet

| | MEDICARE ADVANTAGE PPO (With Medicare Prescription Drug Plan) | MEDICARE PPO 100% (with County of Essex Aetna Medicare PDP) | TRADITIONAL PLAN (non-Medicare) MEDICARE PPO 100% (with Medicare) Traditional RX Included |
|---|---|---|---|
| | Total Rate | Total Rate | Total Rate |
| SINGLE w/o Medicare w/ Medicare | Per eligible person $213.99 | Per eligible person $305.98 | $1,482.99 $601.23 |

### 2016 rate sheet

| | MEDICARE ADVANTAGE PPO (with Medicare Prescription Drug Plan) | MEDICARE PPO 100% (with County of Essex Aetna Medicare PDP) | TRADITIONAL PLAN (non-Medicare) MEDICARE PPO 100% (with Medicare) Traditional RX Included |
|---|---|---|---|
| | Total Rate | Total Rate | Total Rate |
| SINGLE w/o Medicare w/ Medicare | Per eligible person $340.99 | Per eligible person $340.99 | $1,647.18 $704.94 |

Compl. Ex. A at 2-7. Each rate sheet from 2011 through 2016 includes the key term missing from the 2010 rate sheet: retirees "*with* Medicare yet on the Traditional plan." Opinion at 9 (emphasis in original).

The County moves the Court on this basis to reconsider whether the County is entitled to judgment on the pleadings on its breach of contract claim. ECF No. 32-1 at 6-10. The Court will do so. Reconsideration is justified only when "dispositive factual matters or controlling decisions of law . . . were presented to, but not considered by, the court in the course of making the decision at issue." *Yurecko,* 279 F.Supp.2d at 609. The factual issue raised by the County is dispositive in that "if considered by the court, [it] might reasonably have resulted in a different legal conclusion[.]" *Compaction Sys. Corp.*, 88 F.Supp.2d at 345.

Indeed, here it must. The Court's Opinion was predicated on the parties' contracts for the relevant period missing the crucial term: retirees "*with* Medicare yet on the Traditional plan." Opinion at 9 (emphasis in original). That was true of the 2010 rate sheets. But the 2011 through 2016 rate sheets contain no such omission. That key term is supplied in all six sheets, as shown. Consequently, the Court will reconsider its decision denying the County's motion for judgment on the pleadings as to its breach of contract claim (Count 1).

Aetna argues that the 2011-2016 rate sheets cannot be dispositive—at least not at the Rule 12 stage—because Aetna disputes that those documents apply to the *Gauer* retirees. In both its original briefing and its opposition to the County's present motion, Aetna has contended that the rate sheets apply only to "Retirees (Billed and Pension)," not to *Gauer* retirees. ECF No. 40 (Aetna Reconsideration Opp. Br.) at 12; *see also* ECF No. 21 (Aetna 12(c) Reply Br.) at 3-4; ECF No. 45 (Aetna Reconsideration Sur-Reply Br.) at 3-4. But they admit in their opening brief supporting their motion for judgment on the pleadings that the rate sheets apply to *Gauer* retirees: "In sum, the Exhibit A rate sheets establish that Gauer Retirees enrolled in non-Medicare Advantage plans were not to be billed at a discounted premium rate associated with the Medicare Advantage plan, but rather, at the rate associated with the plan in which the Gauer

8

Retiree actually enrolled." ECF No. 14-3 at 11-12 (emphasis added). Aetna plainly states that the rates to be charged for *Gauer* retirees are contained in the rate sheets. Their denials elsewhere cannot erase their admission. Nor, as Aetna recently asserted, ECF No. 45 at 4, is there any reason to believe that Aetna was simply taking one of the County's own statements as true for the purposes of Aetna's original motion. *Cf.* ECF No. 14-3 at 10 (Aetna asserting, "*Nothing* on these rate sheets specifies that Gauer Retirees would be charged at any different premium than the rates explicitly shown (emphasis in original)).

Aetna also repeatedly claims that the rate charts (Compl. Ex. C) make any decision regarding the rate sheets non-dispositive. Aetna is wrong. The Court previously found that whether the rate charts were part of the parties' contract was unclear from the record. Opinion at 10. Like the rate sheets, this finding regarding the rate charts involved only the 2010 documents. *Id.* But unlike the rate sheets, the 2010 rate chart is the only one in the record. The 2011-2016 rate charts were not part of the parties' pleadings, nor are they judicially noticeable—so the Court may not consider them in deciding a Rule 12(c) motion. *Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 257 (3d Cir. 2004), *as amended* (Mar. 8, 2004) ("In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings."). The 2010 rate chart does not bar reconsideration of the Court's original ruling as to 2011 through 2016. And because the 2011-2016 rate sheets, unlike the rate charts for those years, were attached to the pleadings, *see* Compl. Ex. A at 2-7, the Court will consider them.

### 3. Upon Reconsideration, the County's Motion for Judgment on the Pleadings Is Granted in Part.

The County moved for judgment on the pleadings on its breach of contract claim against Aetna. Compl. ¶¶ 78-97; ECF No. 20. A breach of contract claim is sufficiently pled if a claimant alleges "(1) a contract between the parties; (2) a breach of that contract; (3) damages

flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). As discussed previously, the only disputed element is Aetna's purported breach of the parties' agreements in each year from 2010 through 2016. Opinion at 8. The County alleges that (1) Aetna contracted to charge the lower rate for *Gauer* retirees but (2) instead charged the County the higher rate. Compl. ¶¶ 66-70, 90-96. Aetna denies these allegations in its Answer, *see* Answ. ¶¶ 66-70, 90-96, but admits them elsewhere.

Aetna admits that it contracted to charge lower rates for *Gauer* retirees—those "*with* Medicare yet on the Traditional plan," Opinion at 9 (emphasis in original)—than for others. Aetna acknowledged that the Exhibit A rate sheets are part of the contract with the County and that they apply to the *Gauer* retirees. And, taking the 2012 contract year as an example, those documents clearly differentiate between retirees with and without Medicare:

|  | MEDICARE ADVANTAGE PPO (With Medicare, Prescription Drug Plan) | MEDICARE PPO 100% (With County of Essex Aetna Medicare PPO) | TRADITIONAL PLAN (non- Medicare) MEDICARE PPO 100% (with Medicare) Traditional RX included |
|---|---|---|---|
|  | Total Rate | Total Rate | Total Rate |
| SINGLE w/o Medicare w/ Medicare | Per eligible person $190.74 | Per eligible person $286.22  69.94 | $1,224.84 $555.68 |

Comp. Ex. A at 3. This rate sheet shows a "Total Rate" of $1,224.64 per month for single retirees without Medicare, and of $555.68 per month for single retirees *with* Medicare. *Id.* The latter are *Gauer* retirees, the former are not. By acknowledging that this document is part of the parties' contract and that it applies to *Gauer* retirees, Aetna admits that it agreed to charge the County a lower rate for *Gauer* retirees enrolled in the Traditional plan.

Regarding the rates it charged, Aetna acknowledged that it charged the County the higher, non-Medicare rates for *Gauer* retirees. Aetna stated in support of its original motion that all retirees enrolled in the Traditional plan were charged the higher rate "regardless of whether those retirees also received Medicare." ECF No. 14-3. Aetna later admitted that it "charge[d] premiums for 'Gauer Retirees' enrolled in non-Medicare plans at the same non-Medicare rates reflected for 'Active Employees,' even if the Gauer Retiree were eligible for Medicare." ECF No. 21 at 1.

Aetna consequently breached its contract with the County. It promised to charge certain rates for *Gauer* retirees during contract years 2011 through 2016, and instead charged higher ones. The County has alleged all facts to make out this claim, and Aetna has admitted them.

The rate charts do not alter this conclusion. The parties attached only the 2010 rate chart to their pleadings, so the Court's earlier finding that the parties dispute whether the 2010 rate charts form part of their contract, Opinion at 10, does not prevent judgment on the pleadings for the County for the 2011 through 2016 contract years.

4. **Aetna's Cross-Motion for Sanctions Against the County and Its Counsel Is Denied.**

Aetna cross-moves for sanctions against the County and its counsel under 28 U.S.C. § 1927. ECF No. 40 at 17-19. That provision permits courts to sanction anyone "who so multiplies the proceedings in any case unreasonably and vexatiously[.]" 28 U.S.C. § 1927. A court may impose sanctions on any attorney who "has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Marino v. Usher*, 673 F. App'x 125, 131 (3d Cir. 2016) (quoting *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008)). Aetna

contends that the County filed its motion in bad faith because it "persisted in advancing stale arguments on a non-dispositive issue." ECF No. 40 at 18.

The Court disagrees. The County raised the 2011-2016 rate sheets for the first time in its motion—Aetna did not raise them before, either—and these documents led the Court to reconsider its original ruling. Far from multiplying the proceedings, the County's motion and the Court's decision will streamline this case: the only remaining issue is whether Aetna breached its 2010 contract with the County. Any dispute over the parties' agreements and performance in 2011 through 2016 has been resolved. Sanctions on the County or its counsel are unwarranted.

## CONCLUSION

The County's motion for reconsideration is granted. Upon reconsideration, the County's motion for judgment on the pleadings as to Count 1 of its Complaint is granted in part (for the 2011 through 2016 contract years) and denied in part (for the 2010 contract year). Aetna's cross-motion for sanctions is denied. An appropriate order follows.

DATE: 1 May 2019

William H. Walls
Senior United States District Court Judge