UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 15, 2019

Roy Thomas Caplinger, Esq.
Thomas A. Abbate, Esq.
Decotiis, Fitzpatrick, Cole & Giblin, LLP
500 Frank W. Burr Blvd.
Teaneck, NJ 07666
*Counsel for Plaintiffs*


Scott Lee Vernick, Esq.
Benjamin McCoy, Esq.
Fox Rothschild LLP
2000 Market Street
Philadelphia, PA 19103
*Counsel for Defendants*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:  County of Essex v. Aetna, Inc. et al.
     Civil Action No. 17-13663 (SDW) (CLW)

Counsel:

Before this Court is Defendants Aetna Inc. and Aetna Life Insurance Company, Inc.'s (collectively, "Defendants" or "Aetna") Motion for Reconsideration of this Court's May 1, 2019 Opinion and Order, (D.E. 50-51). This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** Aetna's motion.

### DISCUSSION

A.

"Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). A motion for

reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B.

The Court assumes the parties' familiarity with the factual and procedural history of this action and addresses only those facts necessary for resolution of the instant motion. The underlying suit involves a dispute over the terms of insurance plans Aetna provided to the Plaintiffs for its employees and retirees. (*See generally* D.E. 1-2.) In 2018, the parties cross moved for judgment on the pleadings, (D.E. 14, 20), and the Court issued an Opinion and Order on those motions on December 13, 2018, (D.E. 30, 31). In response to Plaintiffs' motion for reconsideration, Judge William H. Walls (deceased) issued an Opinion on May 1, 2019, determining that Plaintiffs were entitled to judgment on the pleadings for certain contract years. (D.E. 32, 50, 51.)[1] Defendants then moved for reconsideration of the May 1, 2019 Opinion and Order. (D.E. 59.)

Judge Walls' May 1, 2019 Opinion clearly identified and applied the proper legal standards for motions for reconsideration and judgment on the pleadings. Defendants neither identify any intervening change in the relevant law nor new evidence that was unavailable at the time the Court entered its decision[2], and therefore, must rest solely on the contention that the Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. Defendants fail to point to such error. Rather, Defendants raise new arguments, (*see* D.E. 60 at 6-7, 20) and re-assert arguments previously raised and considered (*see* D.E. 60 at 8-16; 70; 71 at 12-13; 40 at 1-2, 5, 10-12; 45 at 3-4). Neither is permissible. *See, e.g.*, *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (denying motion for reconsideration based on rehashed argument); *Exel v. Govan*, Civ. No. 12-4280, 2016 WL 6534396, at *2 (D.N.J. Nov. 1, 2016) (recognizing that "Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered"); *Estate of Harrison v. Trump Plaza Hotel & Casino*, Civ. No. 12-6683, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015) (denying motion for reconsideration, noting that parties "cannot circumvent the appeal process by raising an argument" on reconsideration "that they did not raise prior to the Court's original decision"); *Venkataram v. Office of Info. Policy*, Civ. No. 09-6520, 2013 WL 5674346, at *2 (D.N.J. Oct. 16, 2013) (declining to "consider new arguments upon a motion for reconsideration"), *aff'd* 590 F. App'x 138 (3d Cir. 2014). Ultimately,

---

[1] This matter was reassigned to this Court on July 25, 2019. (D.E. 76.)
[2] Rather, Defendants impermissibly submit evidence available to them at the time this Court rendered its decision. (*See* D.E. 40 at 15-16; 60 at 16-19; 59-2 through 59-7; 61, 61-1 through 61-5.)

Defendants' position is nothing more than a disagreement with the Court's ruling.  *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (noting that a motion for reconsideration "will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered" to come to a different conclusion).  As a result, Defendants' motion will be denied.

**CONCLUSION**

      For the reasons set forth above, Defendants' Motion for Reconsideration of the May 1, 2019 Opinion and Order is **DENIED**.  An appropriate order follows.

                                              /s/ Susan D. Wigenton
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.