# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COUNTY OF ESSEX and THE ESSEX COUNTY BOARD OF CHOSEN FREEHOLDERS<br><br>                 Plaintiffs,<br>    v.<br><br>AETNA INC., AETNA LIFE INSURANCE COMPANY, INC., ABC CORPS. 1-100, and JOHN DOES 1-100,<br><br>                 Defendants. | Civ. No. 17-13663 (SDW)(CLW) |

**WALDOR, Magistrate Judge,**

**THIS MATTER** comes before the Court on Defendants', Aetna Inc. and Aetna Life Insurance Company (collectively, "Aetna"), Motion for Leave to Amend and Supplement their Answer and Counterclaim. ECF No. 90. Plaintiffs, County of Essex and the Essex County Board of Chosen Freeholders (collectively, the "County") oppose Aetna's motion. ECF No. 100. Decided without oral argument under Federal Rule of Civil Procedure 78, Aetna's motion is **DENIED**.

**BACKGROUND**

The Court assumes the parties' familiarity with the factual and procedural history of this action and addresses only those facts necessary for the resolution of the instant motion. The underlying suit involves a dispute over the terms of insurance plans Aetna provided to Plaintiffs for its employees and retirees. *See generally* ECF Nos. 1, 2.

On March 2, 2018, this Court entered its original Pretrial Scheduling Order ("Scheduling Order") that included an August 31, 2018 deadline for any motion to amend the pleadings. ECF No. 11. On at least three separate occasions, at the parties' request, the Court amended the deadlines in the Scheduling Order. *See* ECF Nos. 13, 26, 29. While certain dates were amended based on the Court's Orders, the Court did not modify the deadline for filing motions to amend pleadings and no request for such a modification was ever submitted by the parties.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

In 2018, the parties cross moved for judgment on the pleadings. (ECF Nos. 14, 20), and Judge William H. Walls (deceased) ("Judge Walls") issued an Opinion and Order on those motions on December 13, 2018. ECF Nos. 30, 31. On January 9, 2019, the County filed a Motion for Reconsideration of the December 13, 2018 Opinion and Order, which Defendants opposed on February 25, 2019, and on March 12, 2019, the County replied. ECF Nos. 32, 40, 41. In response to Plaintiffs' Motion for Reconsideration, Judge Walls issued an Opinion and Order on May 1, 2019, determining that Plaintiffs were entitled to judgment on the pleadings for all contract years except 2010.[1] ECF Nos. 50, 51. Defendants then moved for reconsideration of the May 1, 2019 Opinion and Order. ECF No. 59-8. Defendants argued, among other things, the County's December 21, 2015 public resolution (the "2015 Resolution") (ECF No. 40-3), that Aetna was a party to (ECF No. 40-3 at 12), and the County referenced in its Complaint (ECF No. 1-2 ¶¶ 17, 21), precipitated Plaintiffs' to change their theory of the case. ECF No. 59-8 at 16-21. On August 15, 2019, Judge Susan D. Wigenton ("Judge Wigenton") denied Defendant's Motion for Reconsideration because Defendants' posited new arguments based upon information already in their possession and their position was "nothing more than a disagreement with the Court's ruling." ECF Nos. 83. On October 22, 2019, this Court issued an Order directing the parties to pursue damages discovery. ECF No. 98.

Now, to circumvent the Opinions and Orders issued by Judges' Walls and Wigenton, on September 27, 2019, Defendants brought the instant motion to amend its answer, add affirmative defenses, and counterclaims[2]. ECF No. 90-1. This motion comes over a year after the deadline to amend. ECF No. 90. Plaintiff filed its response to the instant motion, (ECF No. 100), and Defendant filed its reply (ECF No. 107).

**DISCUSSION**

---

[1] "Any dispute over the parties' agreements and performance in 2011 through 2016 has been resolved." ECF No. 50 at 12.

[2] Defendants' further demonstrate their disregard for the previous Opinions and Orders in this case when they included in their draft Answer (ECF No. 107-3 at 61) a request for declaratory relief with regard to the 2011-2016 contracts, which was adjudicated by Judge Walls on May 1, 2019 (ECF No. 50) and reconsideration of the issue denied by Judge Wigenton on August 15, 2019 (ECF No. 83).

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

In Defendants' moving brief, they seek leave to file an Amended Answer pursuant to Federal Rule of Civil Procedure 15(a) and state that Federal Rule of Civil Procedure 16 is inapplicable. ECF No. 90-1. Plaintiffs' opposed Defendants' motion. ECF No. 100. In Defendants' reply, they briefly address Rule 16 "good cause" but incorrectly recite the standard, specifically stating that "'good cause' exists where . . . the movant seeks leave to amend in response to material developments in the case." ECF No. 107 at 6.

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, in situations such as those present in this case, if a party seeks to amend "after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Karlo v. Pittsburgh Glass Works, LLC*, 2011 WL 5170445, at 2 (W.D.Pa. Oct. 31, 2011); *see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd.,* 148 F. App'x 82, 85 (3d Cir. 2005) (adopting the Rule 16 good cause standard on a motion to amend where the deadline to amend had elapsed).

Good cause is determined based "on the diligence of the moving party" who must show that despite its efforts, "the deadlines set forth in the scheduling order could not reasonably be met." *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011). The District of New Jersey has found that "allowing extensions in the absence of good cause . . . deprive[s] trial judges of the ability to effectively manage the cases on their overcrowded dockets and severely impair[s] the utility of scheduling orders*." Monroe v. City of Hoboken*, No. 11-2556, 2012 WL 1191177, at *5 (D.N.J. Apr. 10, 2012) (citations omitted). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion." *Lasermaster International Inc. v. Netherlands Insurance Co.*, 2018 WL 6191901 15-cv-7614 (D.N.J. Nov. 28, 2018).

Defendants failed to demonstrate that they diligently pursued the proposed amendments and therefore, have not demonstrated the necessary "good cause" for the Court to amend its scheduling order. As an initial matter, Defendant's motion to amend is untimely because it was submitted more than a year after the deadline for amendment of the pleadings had passed. As noted above, the Court amended the Scheduling Order at least three (3) separate occasions and Defendants never sought an extension of time to file an amended pleading. "Because this motion is untimely, Defendant[s] ha[ve] the burden to demonstrate that [they] acted diligently" in presenting their amended answer, additional affirmative defenses and counterclaims. *Lasermaster*, 2018 WL 6191901 (D.N.J. Nov. 28, 2018). However, Defendants' briefing completely failed to provide any evidence that they acted diligently in seeking this motion to amend. Out of an abundance of caution, the Court also applied Defendants' Rule 15 arguments concerning their lack of undue delay in seeking leave to amend to this Rule 16 analysis. Defendants' arguments are unavailing because, as noted above, Defendants had multiple opportunities to seek to amend the and failed to do so.

Defendants' asserted three reasons for why "good cause" existed for their proposed amendments: (1) that they have "good cause" to add counterclaims because Plaintiff changed its legal theory of the case in its March 12, 2019 reply (ECF No. 41) that was based upon the public 2015 Resolution; (2) that the deposition of Alan Abramowitz supports their mitigation defense (ECF No. 107 at n. 6); and (3) that the Court's approval of the parties Stipulation of Partial Dismissal with Prejudice (ECF No. 102) regarding the 2010 contract year supports their additional affirmative defenses. Defendants' state that that "good cause" exists where "the movant seeks leave to amend in response to material developments in the case." ECF No. 107 at 6. However, as noted above, this is not the crux of a Rule 16 analysis, rather "good cause" rests upon the moving parties' diligence in its pursuit of amending the pleadings. *GlobespanVirata, Inc. v. Texas Instruments, Inc*., 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent-A-Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003) ); *Chancellor v. Pottsgrove Sch. Dist*., 501 F.Supp.2d 695, 702 (E.D.Pa. Aug. 8, 2007) ("[a]bsent diligence, there is no 'good cause.' "); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on

a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

The Court finds Defendants' arguments in support of "good cause" unpersuasive. First, Defendants' did not direct the Court to any evidence demonstrating they diligently pursued amending and supplementing their answer and counterclaims. ECF Nos. 90-1, 107 at 6-9. Second, Defendants' point the Court to a few lines in Plaintiffs' reply to Defendants opposition to Plaintiffs' Motion for Reconsideration that was predicated on the public 2015 Resolution that was expressly referenced in the County's Complaint (ECF No. 1-2 ¶¶ 17, 21), and Aetna was a party to (ECF No. 40-3 at 12). Given that Defendants' theory for adding counterclaims rests upon a publicly available document from 2015, that was referenced in the County's Complaint, and that Aetna signed in November 2015 (ECF No. 40-3 at 12), Defendants' were surely aware of or in possession of the 2015 Resolution as early as November 2015 or at the latest, December 27, 2017, the date the Complaint was filed. When "the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent." *Price v. Trans Union, LLC*, 737 F.Supp.2d 276, 280, 2010 WL 3310241, at *2–3 (E.D.Pa. Aug. 17, 2010).

Third, the admissions against interest made during recent deposition testimony does not support granting Defendants' motion because the alleged admissions against interest pertain to mitigation of damages, which will be resolved through a damages trial.[3] Lastly, the dismissal of the 2010 contract year in this action was entered upon a joint stipulation by the parties and does not provide Defendants with "good cause" to amend its answer to assert additional affirmative defenses.

Because the Court has found that Defendants' have not me the standard under Rule 16, the Court need not address the application of Rule 15.

**CONCLUSION**

---

[3] Defendants' argument is also illogical because they are claiming that a motion filed on September 27, 2019 (ECF No. 90-1) satisfies the "good cause" standard in Rule 16 because of a deposition testimony that took place in November 2019, at least a month after the initial motion had been filed. ECF No. 107 at 7-8.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this  13  day of December 2019,

**ORDERED** that Defendants' motion for leave to file an Amended Answer (ECF No. 90) is **DENIED**.

                                              ___//s  Cathy L. Waldor_____

                                              **HONORABLE CATHY L. WALDOR**

                                              **UNITED STATES MAGISTRATE JUDGE**