<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 20, 2020

Roy Thomas Caplinger, Esq.
Thomas A. Abbate, Esq.
Decotiis, Fitzpatrick, Cole & Giblin, LLP
500 Frank W. Burr Blvd.
Teaneck, NJ 07666
*Counsel for Plaintiffs*

Scott Lee Vernick, Esq.
Benjamin McCoy, Esq.
Fox Rothschild LLP
2000 Market Street
Philadelphia, PA 19103
*Counsel for Defendants*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

  **Re: County of Essex v. Aetna, Inc. et al.**
     **Civil Action No. 17-13663 (SDW) (CLW)**

Counsel:

  Before this Court is Defendants Aetna Inc. and Aetna Life Insurance Company, Inc.'s (collectively, "Defendants" or "Aetna") second Motion for Reconsideration of this Court's May 1, 2019 Opinion and Order (the "May 1st Decision"), (D.E. 50-51). This Court, having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** Aetna's motion.

<u>**DISCUSSION**</u>

A.

  "Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v.*

*Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes" have been overlooked. L. Civ. R. 7.1(i).

B.

Once again, the Court assumes the parties' familiarity with the factual and procedural history of this action. The underlying suit involves a dispute over the terms of insurance plans Aetna provided to the Plaintiffs for its employees and retirees between 2010 and 2016. (*See generally* D.E. 1-2.) In 2018, the parties cross moved for judgment on the pleadings, (D.E. 14, 20), and the Court issued an Opinion and Order on those motions on December 13, 2018. (D.E. 30, 31). In response to Plaintiffs' motion for reconsideration, Judge William H. Walls (deceased) issued an Opinion on May 1, 2019, determining that Plaintiffs were entitled to judgment on the pleadings for all but one contract year.[1] (D.E. 32, 50, 51.) In both decisions, Judge Walls properly constrained his analysis to the pleadings, specifically the Complaint and the rate sheets attached thereto, and the parties' briefs. (*See* D.E. 1-2, 30, 32.) On May 15, 2019, Defendants asked this Court to reconsider the May 1st Decision and this Court denied their motion. (D.E. 59, 83, 84.)[2] On January 3, 2020, Defendants again moved for reconsideration of the May 1st Decision. (D.E. 112.)[3]

As an initial matter, Defendants' motion is untimely, having been filed nearly eight months after the May 1st Decision and nearly five months after this Court denied Defendants' first motion for reconsideration.[4] Even if Defendants had timely filed, they have failed to satisfy the strict standard for such motions. Judge Walls' May 1st Decision clearly identified and applied the proper legal standards for motions for reconsideration and judgment on the pleadings and Defendants do not identify any change in the relevant law that would upend the basis for that decision. Rather,

---

[1] Plaintiffs later voluntarily dismissed their breach of contract claim for that remaining year. (D.E. 99, 102.)

[2] This case was reassigned on July 25, 2019 after Judge Walls' unfortunate death. (D.E. 76.)

[3] In the alternative, Defendants seek to amend Judge Walls' findings and judgment pursuant to Rule 52(b), which permits a party to move the court to amend its findings or make additional findings, and/or Rule 59(e), which permits a party to move to amend or alter a final judgment, provided that such motions are made within 28 days of entry of a final judgment. Defendants may not seek relief under either Rule because their motion is untimely and because there is no final judgment in this matter, as Defendants acknowledge. (*See* D.E. 122 at 3 (taking the position that "neither Rule actually applies because those rules apply only to *final judgments*") (emphasis in original).)

[4] To the extent that Defendants seek review under the discretion afforded the district courts pursuant to Rule 54 to review interlocutory orders "at any time before the entry of judgment adjudicating all the claims and rights and liabilities of the parties," (*see* D.E. 122 at 2-3), this Court is aware of its discretionary power and, for the reasons discussed *supra*, declines to exercise it.

Defendants now argue that reconsideration is necessary on the basis of "new" deposition testimony obtained in late 2019. (*See generally* D.E. 120-1 Ex. A-G.) However, on reconsideration, this Court must respect the constraints imposed by Rule 12(c) which limit the Court's review to the pleadings, consisting here of the Complaint and the contractual documents attached to it. The choice to seek a ruling pursuant to Rule 12(c) was a strategic one made by sophisticated parties represented by able counsel. Defendants' frustration with the outcome of that choice does not now empower this Court to widen its review.[5] *See e.g., Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 257 (3d Cir. 2004) (recognizing that when "deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings"); *Huertas v. Transunion, LLC*, 2009 WL 936858, at *1 (D.N.J. Apr. 3, 2006) (declining to consider evidence submitted by plaintiff on reconsideration and noting that "the Court cannot look beyond the pleadings in a motion under Rule 12(c)"); *Resorts Int'l, Inc. v. Great Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992) (noting that the court was "bound *not* to consider such new materials, lest the strictures of our reconsideration rule erode entirely").[6] As a result, Defendants' motion will be denied.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Reconsideration of the May 1, 2019 Opinion and Order is **DENIED**. An appropriate order follows.

      /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:    Parties  
       Cathy L. Waldor, U.S.M.J.

---

[5] Even if it were able to consider evidence outside the pleadings, this Court could only do so if that evidence "would alter the disposition of the case" and was previously unavailable or unknown. *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317–18 (D.N.J. 2010). Setting aside the question of whether Defendants obtained this testimony in violation of Magistrate Judge Waldor's orders allowing limited damages discovery, (*see* D.E. 120 at 6-7, 12-13), this Court is not satisfied that the deposition testimony Defendants now rely on to argue they did not breach their contract with Plaintiffs, (*see* D.E. 122-1 at 13-16), was previously unavailable or that it is dispositive. That being said, this Court takes no position at this time as to how these materials may or may not be used for purposes of the parties' motions for summary judgment on the issue of damages.

[6] The only basis remaining for reconsideration would be that Judge Walls' decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. Defendants fail to point to such error. Rather, as before, Defendants impermissibly re-assert arguments previously raised and considered and submit "new" testimony that is cumulative of material previously provided to this Court, (*see* D.E. 122 at 1; *see* D.E. 60 at 8-16; 70; 71 at 12-13; 40 at 1-2, 5, 10-12; 45 at 3-4; 112-2 at 1, 3-5, 13-15, 17-18; D.E. 83 at 2 n.2.). *See, e.g.*, *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (denying motion for reconsideration based on rehashed argument); *Exel v. Govan*, Civ. No. 12-4280, 2016 WL 6534396, at *2 (D.N.J. Nov. 1, 2016) (recognizing that "Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered").